**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**REBECCA HARREL,**

    *Plaintiff,*

**v.**                             **Case No.: 4:25cv258-MW/MAF**

**THE MAINSTREET**
**COLLECTION, et al.**

    *Defendants.*

---

**DEFENDANT TRACY MAYO'S MOTION TO DISMISS**
**<u>WITH INCORPORATED MEMORANDUM OF LAW</u>**

Defendant, Tracy W. Mayo, an individual, respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 12(b)(2), to dismiss the Amended Complaint, DE 14, for lack of personal jurisdiction and improper venue. Ms. Mayo is a resident of North Carolina without sufficient jurisdictional contacts with Florida, and she is protected by the corporate shield doctrine. She further states:

### I.    BACKGROUND

Tracy Mayo is president and officer of The Mainstreet Collection, and Mainstreet Collection Online. DE 11 ¶ 1. She does not have any personal contacts with Florida and she does not regularly travel to this state. *Id.* at ¶ 7. Tracy Mayo is a resident of North Carolina. *Id.* at ¶ 1. She operates Mainstreet Collection Online,

1

Inc. and The Mainstreet Collection, Inc., both of which are North Carolina entities located in North Carolina. *See id.* at ¶¶ 1, 8, 11, 12.

## II.    LEGAL STANDARD

This Court may only exercise personal jurisdiction over a person who does not reside in Florida subject to Florida's long-arm statute and federal due process. *Nature Coast Dev. Grp., LLC v. U.S. Specialty Ins. Co.*, No. 1:21-CV-74-AW-HTC, 2022 WL 11589413, at *2 (N.D. Fla. Sept. 2, 2022) (citing *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008)); *see also* Fla. Stat. § 48.193 (Florida's long-arm statute).

"The plaintiff bears the initial burden of alleging sufficient facts in the complaint to make a prima facie case for personal jurisdiction over a nonresident defendant." *Smith v. Poly Expert, Inc.*, 186 F. Supp. 3d 1297, 1298 (N.D. Fla. 2016) (citing *Meier ex rel. Meier v. Sun Intern. Hotels, Inc.*, 288 F.3d 1264, 1268–69 (11th Cir.2002)). When the defendant contests personal jurisdiction under Rule 12(b)(2) and submits affidavits or other evidence in support of her motion to dismiss, "the burden shifts back to the plaintiff to produce evidence supporting jurisdiction." *Id.*

Determining whether personal jurisdiction can be exercised over a non-resident defendant involves a two-part inquiry. *Id.* (citing *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir.2007)). First, the court considers the jurisdictional question under the relevant state long-arm statute. *Id.* If the court finds

2

a basis for the assertion of long-arm personal jurisdiction, the court will next determine whether the defendant has sufficient minimum contacts to satisfy the Due Process Clause of the Fourteenth Amendment and whether the exercise of jurisdiction offends "traditional notions of fair play and substantial justice." *Id.* However, if the court finds that the plaintiff does not establish a basis of personal jurisdiction according to the long-arm statute, the court may dismiss for lack of personal jurisdiction without analyzing federal due process. *See Nature Coast*, 2022 WL 11589413, at *3.

## III.   ARGUMENT

### A.   No Long Arm Jurisdiction – Corporate Shield Doctrine

This Court lacks personal jurisdiction over Ms. Mayo because she is protected by the corporate shield doctrine. Florida's long-arm statute does not give this Court jurisdiction over Ms. Mayo where she has not been accused of personally committing an intentional tort in Florida.[1]

The corporate shield doctrine provides that "a nonresident employee-defendant who works only outside of Florida, commits no acts in Florida, and has no personal connection with Florida will not be subject to the personal jurisdiction of Florida courts simply because he or she is a corporate officer or employee." *Frida*

---

[1] General jurisdiction over a defendant is only satisfied if the defendant is domiciled in the forum state. Tracy Mayo is domiciled in North Carolina because that is where she resides and intends to remain indefinitely.

*Kahlo Corp. v. Pinedo*, No. 1:22-CV-22399, 2023 WL 9473827 at *5 (S.D. Fla. Dec. 28, 2023) (citing *Kitroser v. Hurt*, 85 So. 3d 1084, 1089 (Fla. 2012)); *see Doe v. Thompson,* 620 So. 2d 1004, 1006 (Fla. 1993). This is because "it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer." *Frida Kahlo,* 2023 WL 9473827 at *5 (citing *Doe,* 620 So. 2d at 1006).

At a minimum, a plaintiff must allege a cause of action involving intentional conduct against an individual defendant to overcome the corporate shield doctrine. *See Nature Coast*, 2022 WL 11589413 at *2 (quoting *Silver v. Levinson*, 648 So. 2d 240, 241 (Fla. 4th DCA 1994)) ("[B]ecause the threshold question of personal jurisdiction turns on whether defendant committed an intentional tort in Florida, we must also necessarily review the complaint to determine whether it states a cause of action for libel.").

In *Nature Coast*, the plaintiff sued an entity defendant for breach of contract, along with several company executives. *Id*. at *1. The plaintiff alleged the company executives committed civil theft, which brought them under Fla. Stat. § 48.193(1)(a)(2) for committing an intentional tort in Florida. *Id*. at *2. After finding the complaint did not adequately plead civil theft, the court found it lacked

4

personal jurisdiction over the individual defendant because no cause of action adequately alleged an intentional tort. *Id.* at 3.

Further, while intentional misconduct by an individual defendant may constitute an exception to the corporate shield doctrine, "Florida courts require that the intentional tort be committed for the corporate officer's personal benefit." *Frida Kahlo,* 2023 WL 9473827 at *5 (citing *VIS Holdings Corp. v. Cooper*, No. 07-20882, 2007 WL 9702900 at *6 (S.D. Fla. Dec. 11, 2007); *Smith v. Panera Bread*, No. 08-60697, 2009 WL 10667191 at *8 ("[M]ere allegations of intentional misconduct on behalf of the employer ... without more are not enough to avoid the corporate shield doctrine.")).

A few examples illustrate these points. In *Frida Kahlo*, the plaintiff sued an individual claiming she committed tortious acts within Florida by sending plaintiffs' licensees, including a Florida-based licensee, cease and desist letters misrepresenting that she is the rightful owner of the subject name and image. 2023 WL 9473827 at *4. Because "the letters were sent in her capacity as an officer of … and for the benefit of" the company, and "not herself," the individual defendant was protected by the corporate shield doctrine. *Id*. at *5. Even if the corporate officer "did commit an intentional tort," the plaintiffs did "not allege that [she] gained any pecuniary or personal benefit from sending the cease and desist letters." *Id*. The court

therefore dismissed the complaint for lack of personal jurisdiction over the corporate officer.

Similarly, in *Buccellati Holding Italia SPA v. Laura Buccellati, LLC*, No. 1:13-cv-21297, 2014 WL 11880964 (S.D. Fla. Jan. 24, 2014), a defendant asserted a declaratory judgment counterclaim against a Swiss watch manufacturer and its corporate officer. Applying the corporate shield doctrine, the court reasoned:

> Clearly, the Counter-Plaintiffs' basis for personal jurisdiction over Mr. Carrion on the facts alleged is via his role as a corporate officer at Buccellati Watches. Mr. Carrion is not engaging in business in the state under § 48.193(1)(a)(1), committing tortious acts within the state under § 48.193(1)(a)(2), or doing business in Florida under § 48.193(2), in his personal capacity. The corporate shield doctrine provides that "acts performed by a person exclusively in his corporate capacity not in Florida but in a foreign state may not form the predicate for the exercise of personal jurisdiction over the employee in the forum state." …. Thus, Mr. Carrion falls within the purview of the corporate shield doctrine.

*Id*. at *5 (citing *Kitroser*, 85 So. 3d at 1088*; Carter v. Estate of Rambo*, 925 So. 2d 353, 356 (Fla. Dist. Ct. App. 2006) ("The corporate shield doctrine draws a distinction between a corporate officer acting on his own and a corporate officer acting on behalf of his corporation. Under the corporate shield doctrine, any activity in one's capacity as a corporate officer or director is exempted from consideration in support of the exercise of long-arm jurisdiction over said officer or director.")).

The court in *Buccellati*, just like the court in *Frida Kahlo*, rejected the counter-plaintiffs' argument that the corporate officer was excepted from the corporate shield

doctrine because he committed fraud. The court reasoned that the counter-plaintiffs had "not set out any specific acts Mr. Carrion has personally committed outside his corporate capacity that would amount to fraud or intentional misconduct." *Buccellati*, 2014 WL 11880964 at *6. Thus, the corporate officer was protected by the corporate shield doctrine and there was no personal jurisdiction over him under Florida's long-arm statute. *Id*.

In *Litke v. P.B. Express, Inc.*, the only allegations against the individual defendant were that he was President and/or CEO of his company. No. 3:23-CV-1266-MMH-PDB, 2024 WL 4373634, at *7 (M.D. Fla. Oct. 2, 2024). There were no allegations that the defendant "worked in Florida, committed any action in Florida, or had any personal connection to Florida." *Id*. The court stated that an individual "will not be subject to the personal jurisdiction of Florida courts simply because he … is a corporate officer …." *Id*. (citing *Kitroser*, 85 So. 3d at 1089). The court dismissed the complaint for lack of personal jurisdiction, reasoning that "the Florida long-arm statute requires a corporate officer have some connection to Florida to be subject to personal jurisdiction here" and that no such connection was alleged. *Id*.

In the recent case of *BFL Metal Products Co. Ltd. v. RDFN FUM Natural Products, Ltd*., the court explained:

> Although "under Florida law, [the] corporate shield doctrine is inapplicable where the corporate officer commits intentional torts[,]" Plaintiff still must allege specific acts that would constitute an intentional tort on the

7

part of the [corporate officers] in order to establish personal jurisdiction.

No. 24-cv-22267, 2025 WL 958250 at *4 (S.D. Fla. Mar. 31, 2025) (quoting *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802 (11th Cir. 2010)). The court found that the plaintiff's allegations specific to the corporate officers "relate to their affiliation with" their company, "which is insufficient to establish that they, as individuals, committed an intentional tort, even if [their company] may have committed trademark infringement." *Id*. at *5 (citing *LaFreniere v. Craig-Myers*, 264 So. 3d 232, 239 (Fla. 1st DCA 2018) ("In each of [the] cases where jurisdiction was found, the plaintiff produced evidence of the specific conduct on the part of the corporate officer that constituted a fraud or intentional tort. In each case, the nonresident corporate officer personally and intentionally engaged in the tortious conduct[.]")). In short, "[a]n individual cannot be held responsible for trademark infringement solely by virtue of the fact that they are a corporate officer for a company that committed trademark infringement." *Id*.

Similar to *Nature Coast*, Plaintiff's Amended Complaint fails to allege an intentional tort against Ms. Mayo. While Plaintiff pleads two counts of vicarious infringement, her DE 14 ¶¶ 231-252, that is not an intentional tort because intent is not an element of liability. *See Faulkner Press, L.L.C. v. Class Notes, L.L.C.*, No. 1:08CV49-SPM, 2009 WL 5879033, at *1 (N.D. Fla. Mar. 31, 2009) ("Vicarious liability occurs when one has the right and ability to supervise the infringing activity

and also has a direct financial interest in such activities."). Just like in *Nature Coast*, the absence of an alleged intentional tort is fatal to Plaintiff's attempt to confer personal jurisdiction over Ms. Mayo.

Indeed, the allegations against Ms. Mayo "relate to [her] affiliation" with the Mainstreet Entities. *See BFL Metal Products*, 2025 WL 958250 at *5. For example, Plaintiff alleges that Ms. Mayo "is the main creative decision maker for [the Mainstreet Entities] . . . ." DE 14 ¶ 10 (emphasis added). The infringement allegations, however, are all directed to activities by the Mainstreet Entities. *See, e.g.*, DE 14 ¶¶ 29, 34, 39, 44 ("Mainstreet has now used . . . ."); ¶¶ 30, 35, 40, 45 ("Mainstreet Online has now used . . . ."); ¶ 235 ("Mainstreet has directly infringed…."); ¶ 246 ("Mainstreet Online has directly infringed . . . .").

True, Plaintiff asserts that Ms. Mayo was "personally involved with the acts of infringement." DE 14 ¶¶ 236, 247. But being "personally involved" does not equate to committing an intentional tort, let alone one "committed for the corporate officer's personal benefit." *Frida Kahlo*, 2023 WL 9473827 at *5. And other than this blanket conclusion, Plaintiff fails to plausibly plead, under *Twombly* and *Iqbal* standards, sufficient facts that Ms. Mayo was "personally involved."

Moreover, even assuming, *arguendo*, Plaintiff alleged that Ms. Mayo committed acts constituting an intentional tort, there are no allegations that those acts were conducted in Florida. *See Frida Kahlo*, 2023 WL 9473827 at *5

9

(explaining that corporate shield doctrine provides that "a nonresident employee-defendant who works only outside of Florida, commits no acts in Florida, and has no personal connection with Florida will not be subject to the personal jurisdiction of Florida courts simply because he or she is a corporate officer or employee"). In fact, Ms. Mayo has never worked in Florida and never engaged in any corporate activities in Florida that would subject her to personal jurisdiction. DE 11 ¶ 7.

In her Amended Complaint, DE 14 ¶ 16, Plaintiff attributes a myriad of activities to "Defendants." But "[b]y merging the allegations against [the Mainstreet Entities] with those regarding [Ms. Mayo], the Complaint insufficiently alleges those actions taken by [Ms. Mayo] constitute the intentional tort of" copyright infringement. *See BFL Metal Products,* 2025 WL 958250 at *4 (quotation slightly modified for context).

In short, Plaintiff fails to allege intentional and tortious conduct by Ms. Mayo or that she conducted any activities for her own personal benefit, as opposed to the Mainstreet Entities' benefit. Thus, Plaintiff's Complaint fails to overcome Ms. Mayo's protection under the corporate shield doctrine and, accordingly, fails to establish jurisdiction over her under Florida's long-arm statute.

### B.    Due Process

Finally, as explained above, because personal jurisdiction cannot be exercised over Ms. Mayo under the long-arm statute, "the Court need not address whether the

10

exercise of jurisdiction would violate the Due Process Clause of the Fourteenth Amendment." *BFL Metal Products*, 2025 WL 958250 at *6; *see Nature Coast*, 2022 WL 11589413, at *3.

Nonetheless, as explained above, Ms. Mayo is a full-time resident of Washington, North Carolina who has no personal dealings with or in the State of Florida. DE 11 ¶ 7. She does not regularly travel to Florida nor ever worked in Florida nor conducted any corporate activities in this State. *Id*. Having no jurisdictional ties, it would not comport with due process to hale Ms. Mayo into a Florida court.

## IV.   CONCLUSION

WHEREFORE, Defendant Tracy Mayo, respectfully requests that the Court dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(2) and for such other and further relief as the Court deems appropriate.

### Certification of Word Limit

In accordance with Local Rule 7.1(F), I hereby certify that the foregoing consists of 2,476 words based on the word-processing system employed and not including case style, signature block, and certificate of service.

11

Dated: September 19, 2025

Respectfully submitted,

By: */s/ Matthew S. Nelles*
Matthew S. Nelles
Florida Bar No.: 009245
matt.nelles@johnsonmartinlaw.com
Johnson & Martin, P.A.
500 West Cypress Creek Rd.,
Suite 430 Ft. Lauderdale, FL
33309
T:  (954) 790-6698
Eservice: sari.tannenbaum@johnsonmartinlaw.com

*Attorneys for Defendants Tassels, Inc. and Tracy Mayo*

## Certificate of Service

I HEREBY CERTIFY that on September 19, 2025, I electronically filed the foregoing with the Clerk of Courts by using the CM/ECF which will serve a copy of the foregoing document on all counsel of record on the below Service List.

## Service List

J. Wiley Horton, Esq.
wiley@penningtonlaw.com
PENNINGTON, P.A.
215 S. Monroe Street, 2nd Floor
Tallahassee, FL  32301
850 222-3533 – office
850 222-2126 – fax

*Counsel for Plaintiff*

12